MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MIGUEL ANGEL ARECHICA OCAMPO,
*individually and on behalf of others similarly
situated,*

*Plaintiff*,

-against-

BALLINAS & VASQUEZ CORP.  (D/B/A
METATE), METATE 3 CORP.  (D/B/A
METATE RESTAURANT DOBBS FERRY),
METATE 4 CORP (D/B/A METATE
MEXICAN RESTAURANT PALISADE),
CECILIO BALLINAS, ELSA TERRON, and
NATAHEL COMONFORT GONZALEZ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Miguel Angel Arechica Ocampo ("Plaintiff Arechica" or "Mr. Arechica"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Ballinas & Vasquez

Corp. (d/b/a Metate), Metate 3 Corp. (d/b/a Metate Restaurant Dobbs Ferry), Metate 4 Corp (d/b/a

Metate Mexican Restaurant Palisade), ("Defendant Corporations"), Cecilio Ballinas, Elsa Terron,

and  Natahel Comonfort Gonzalez, ("Individual Defendants"), (collectively, "Defendants"),

alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Arechica is a former employee of Defendants Ballinas & Vasquez Corp. (d/b/a Metate), Metate 3 Corp. (d/b/a Metate Restaurant Dobbs Ferry), Metate 4 Corp (d/b/a Metate Mexican Restaurant Palisade), Cecilio Ballinas, Elsa Terron, and Natahel Comonfort Gonzalez.

2.      Defendants own, operate, or control three Mexican restaurants, located at 3515 Johnson Ave, Bronx, NY 10463 under the name "Metate", at 16a Cedar St, Dobbs Ferry, NY 10522 under the name "Metate Restaurant Dobbs Ferry", and at 779 Palisade Avenue Yonkers, NY 10703 under the name "Metate Mexican Restaurant Palisade".

3.     Upon information and belief, individual Defendants Cecilio Ballinas, Elsa Terron, and Natahel Comonfort Gonzalez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.     Plaintiff Arechica was employed as cook, dishwasher and food preparer at the restaurants located at 3515 Johnson Ave, Bronx, NY 10463, 16a Cedar St, Dobbs Ferry, NY 10522, and 779 Palisade Avenue Yonkers, NY 10703.

5.     At all times relevant to this Complaint, Plaintiff Arechica worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Arechica appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Arechica the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Arechica wages on a timely basis.

9.Defendants' conduct extended beyond Plaintiff Arechica to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arechica and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.      Plaintiff Arechica now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.      Plaintiff Arechica seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Arechica's state law claims under 28 U.S.C. § 1367(a).

14.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three Mexican restaurants located in this district. Further, Plaintiff Arechica was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Miguel Angel Arechica Ocampo ("Plaintiff Arechica" or "Mr. Arechica") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Arechica was employed by Defendants at Metate Mexican Restaurant from approximately 2013 until on or about June 27, 2021.

17.     Plaintiff Arechica consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled three Mexican restaurants, located at 3515 Johnson Ave, Bronx, NY 10463 under the name "Metate", at 16a Cedar St, Dobbs Ferry, NY 10522 under the name "Metate Restaurant Dobbs Ferry", and at 779 Palisade Avenue Yonkers, NY 10703 under the name "Metate Mexican Restaurant Palisade".

19.     Upon information and belief, Ballinas & Vasquez Corp. (d/b/a Metate) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3515 Johnson Ave, Bronx, NY 10463.

20.     Upon information and belief, Metate 3 Corp. (d/b/a Metate Restaurant Dobbs Ferry) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 16a Cedar St, Dobbs Ferry, NY 10522.

21.    Upon information and belief, Metate 4 Corp (d/b/a Metate Mexican Restaurant Palisade) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 779 Palisade Avenue Yonkers, NY 10703.

22.    Defendant Cecilio Ballinas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cecilio Ballinas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Cecilio Ballinas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Arechica, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Elsa Terron is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elsa Terron is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Elsa Terron possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Arechica, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Natahel Comonfort Gonzalez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Natahel Comonfort Gonzalez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Natahel Comonfort Gonzalez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Arechica, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25.     Defendants operate three Mexican restaurants located in the Riverdale section of the Bronx in New York city and in the towns of Dobbs Ferry and Yonkers in Westchester County.

26.     Individual Defendants, Cecilio Ballinas, Elsa Terron, and Natahel Comonfort Gonzalez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Arechica's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Arechica, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Arechica (and all similarly situated employees) and are Plaintiff Arechica's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Arechica and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants Cecilio Ballinas, Elsa Terron, and Natahel Comonfort Gonzalez operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Arechica's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Arechica, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Arechica's services.

33.     In each year from 2015 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Arechica is a former employee of Defendants who was employed as cook, dishwasher and food preparer.

36.     Plaintiff Arechica seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Angel Arechica Ocampo*

37.     Plaintiff Arechica was employed by Defendants from approximately 2013 until on or about June 27, 2021.

38.     Defendants employed Plaintiff Arechica as a cook, dishwasher and food preparer.

39.     Plaintiff Arechica regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Arechica's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Arechica regularly worked in excess of 40 hours per week.

42.     From approximately August 2015 until on or about March 15, 2019, Plaintiff Arechica worked at the Bronx location from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays through Thursdays and from approximately 11:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays (typically 78 hours per week).

43.     From approximately March 16, 2019 until on or about March 31, 2020, Plaintiff Arechica worked at the Dobbs Ferry location from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays through Thursdays and from approximately 11:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays (typically 78 hours per week).

44.     From approximately April 1, 2020 until on or about June 27, 2021, Plaintiff Arechica worked at the Yonkers location from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays through Thursdays and from approximately 11:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays (typically 78 hours per week).

45.     From approximately August 2015 until on or about March 2021, Defendants paid Plaintiff Arechica his wages in cash.

46.     From approximately April 2021 until June 27, 2021, Defendants paid Plaintiff Arechica his wages by check.

47.     From approximately August 2015 until on or about December 31, 2015, Defendants paid Plaintiff Arechica $12.00 per hour.

48.     From approximately January 1, 2016 until on or about December 31, 2018, Defendants paid Plaintiff Arechica $14.00 per hour.

49.     From approximately January 1, 2019 until on or about December 31, 2020, Defendants paid Plaintiff Arechica $15.00 per hour.

50.     From approximately January 1, 2021 until on or about June 27, 2021, Defendants paid Plaintiff Arechica $16.00 per hour.

51.     Defendants never granted Plaintiff Arechica any breaks or meal periods of any kind. Prior to March 2019, Plaintiff Arechica was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     On a number of occasions, Defendants required Plaintiff Arechica to sign a document, the contents of which he was not allowed to review in detail.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Arechica regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Arechica an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, Defendants adjusted Plaintiff Arechica's paystubs so that they reflected inaccurate wages and hours worked.

56.     Defendants did not give any notice to Plaintiff Arechica, in English and in Spanish (Plaintiff Arechica's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     Defendants required Plaintiff Arechica to purchase "tools of the trade" with his own funds—including 3 pairs of shoes, one pair of pants and one shirt.

*Defendants' General Employment Practices*

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arechica (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

59.     Plaintiff Arechica was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

Prior to March 2019, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60.     On a number of occasions, Defendants required Plaintiff Arechica to sign a document the contents of which he was not allowed to review in detail.

61.     Defendants paid Plaintiff Arechica his wages in cash for all hours until March 31, 2021 and then checks from April 1, 2021 to June 27, 2021.

62.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Arechica (and similarly situated individuals) worked, and to avoid paying Plaintiff Arechica properly for his full hours worked.

64.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Arechica and other similarly situated former workers.

66.     Defendants failed to provide Plaintiff Arechica and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.     Defendants failed to provide Plaintiff Arechica and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.     Plaintiff Arechica brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.     At all relevant times, Plaintiff Arechica and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

70.     The claims of Plaintiff Arechica stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71.     Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

72.     At all times relevant to this action, Defendants were Plaintiff Arechica's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Arechica (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

75.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Arechica (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Arechica (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Arechica (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

78.     Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Arechica overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Arechica overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Arechica was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

82.        Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

83.        Defendants failed to provide Plaintiff Arechica with a written notice, in English and in Spanish (Plaintiff Arechica's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84.        Defendants are liable to Plaintiff Arechica in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

85.        Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

86.        With each payment of wages, Defendants failed to provide Plaintiff Arechica with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff Arechica in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

88.     Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants failed to pay Plaintiff Arechica one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Arechica's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

90.     Defendants' failure to pay Plaintiff Arechica an additional hour's pay for each day Plaintiff Arechica's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

91.     Plaintiff Arechica was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92.     Plaintiff Arechica repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants required Plaintiff Arechica to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.     Plaintiff Arechica was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

95.     Plaintiff Arechica repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not pay Plaintiff Arechica on a regular weekly basis, in violation of NYLL §191.

97.     Defendants are liable to Plaintiff Arechica in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arechica respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Arechica and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Arechica's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Arechica and the FLSA Class members;

(e)     Awarding Plaintiff Arechica and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Arechica and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Arechica;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Arechica;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Arechica;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Arechica's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Arechica;

(l)     Awarding Plaintiff Arechica damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Arechica damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Arechica liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Arechica and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Arechica and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff Arechica demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 9, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 23, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Miguel Angel Arechica Ocampo

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      Angel a.o

Date / Fecha:                           23 de julio 2021